## BLAHUT *v.* STATE.

Decided May 30, 1891.

*Intoxicating liquor—Sale to minor.*

> It is no defense to an indictment for selling liquor to a minor without the written consent or order of his parent or guardian that the father was present and orally consented to the sale.

APPEAL from *Garland* Circuit Court.

JAMES B. WOOD, Judge.

Prosecution for selling intoxicating liquor to a minor without the written consent or order of his parent or guardian. It was proved that the sale was made in his father's presence and with his *oral* consent. Defendant was convicted and has appealed.

*C. D. Greaves* for appellant.

The father *being present* and consenting to the sale, there was no offense within the meaning and intent of sec. 1878, Mansf. Dig. No *written* consent is necessary when the father is present. Whart. Cr. Law, 141.

*W. E. Atkinson*, Attorney General, and *Chas. T. Coleman* for appellee.

When a statute requires a permit in writing, no consent not in writing will suffice. 37 Ark., 395; 4 Iredell, 246; 1 Brev., 551; 2 Halst., 138.

Sale of liquor to minor.

COCKRILL, C. J. In *Hill* v. *State*, 37 Ark., 395, it was ruled that a sale of liquor to a minor, made in pursuance of the parol consent of the parent, which was afterwards reduced to writing, was punishable under the statute which prohibits a sale to a minor unless made upon written consent. The theory of the decision is that, the offense being against the State, the father has no power to condone it, and cannot deprive the sale of its criminal character except by following the statute—that is, by giving his consent in writing prior to the sale. The legislative intent in requiring this prerequisite was, doubtless, to insure deliberation on the part

of the parent, uninfluenced by the desire to shield or the fear to punish the guilty seller, as well as to secure such evidence of the fact of consent as to end dispute upon that subject. But whatever the reason for requiring it may have been, it is certain that the statute demands a written consent, and the courts can require no less. *Tinsley* v. *Craige, ante,* p. 346.

It follows that the oral consent of the parent is not a defense to a prosecution for selling liquor to a minor, although the consent is given in the presence of the minor and the seller at the time the sale is made.

Affirm.